**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Dorie Shoutz Jessen, *et al.*,

                                          Civ. No. 14-1065 (RHK/JSM)

                   Plaintiffs,      **MEMORANDUM OPINION
                                                 AND ORDER**

v.

Blue Earth County, *et al.*,

                   Defendants.

Lorenz F. Fett, Jr., Sonia L. Miller-Van Oort, Jonathan A. Strauss, Sapientia Law Group, Minneapolis, Minnesota, for Plaintiffs

Oliver J. Larson, Minnesota Attorney General's Office, Saint Paul, Minnesota, for Defendants Michael Campion and Ramona Dohman

**INTRODUCTION**

In this action, Dorie Shoutz Jessen, Jeremiah Shoutz Jessen, Mark Steven Shoutz, Vickie Faye Shoutz, and Casey Steven Shoutz ("Plaintiffs") allege that Michael Campion ("Campion") and Ramona Dohman ("Dohman"), the former and current Commissioner of the Minnesota Department of Public Safety, respectively (together, "the Commissioners"), violated their rights under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, by disclosing or allowing access to their drivers' license information from the Minnesota Driver and Vehicle Services ("DVS") database for an impermissible purpose. The Commissioners move to dismiss the action for failure to state a claim. For the following reasons, the Motion will be granted.

## BACKGROUND

The basic facts have been set forth in the Court's previous Order granting in part and denying in part Blue Earth County's, Mankato's, and North Mankato's Motions to Dismiss.  As specifically relevant to this Motion, Campion and Dohman have each served as Commissioner of the Minnesota Department of Public Safety.  (Compl. ¶¶ 27-28.)  Campion was Commissioner from July 2004 to March 2011, and the DVS database was largely developed in its current format during his tenure.  (Id. ¶¶ 374, 376.)  Dohman became Commissioner in March 2011.  (Id. ¶¶ 370-71.)

The Complaint alleges that Campion and Dohman directed the creation, maintenance, and updating of the DVS database.  (Id. ¶¶ 198-99.)  According to the Complaint, they decided who would have access to it, without ensuring that access would be limited to DPPA-permitted purposes, and they had no system in place for identifying unpermitted uses.  (Id. ¶¶ 201-02, 209-10, 221-31.)  Plaintiffs also allege Campion and Dohman failed to adequately train officers in the proper use of the database and had constructive and actual knowledge of widespread officer access for non-permitted purposes.  (Id. ¶¶ 207, 214, 255-56.)

Plaintiffs assert that the above conduct violated the DPPA.  Campion and Dohman responded with a Motion to Dismiss, arguing that this Court previously dismissed identical claims against them.  This Motion has been fully briefed and is now ripe for disposition.

## STANDARD OF DECISION

The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 547.  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff[s]' specific factual allegations as true but [need] not . . . accept a plaintiff[s]' legal conclusions."  Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).  The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs.  Twombly, 550 U.S. at 554-56.  A complaint should not be dismissed simply because the Court is doubtful the plaintiffs will be able to prove all of the necessary factual allegations.  Id. at 556.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely.  Id.  "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

The DPPA prohibits obtaining or disclosing information from an individual's motor vehicle record but provides fourteen uses that do not violate the statute. 18 U.S.C. §§ 2721-2722. It authorizes a civil action against alleged violators: "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." § 2724(a).

This Court has repeatedly dismissed the Commissioners from DPPA cases. E.g., Shambour v. Carver Cnty., Civ. No. 14-566, 2014 WL 3908334, at *3 (D. Minn. Aug. 11, 2014) (Kyle, J.); Ray v. Anoka Cnty., __ F. Supp. 2d. __, 2014 WL 2511087, at *4 (D. Minn. June 4, 2014) (Magnuson, J.); Mallak v. Aitkin Cnty., __ F. Supp. 2d. __, 2014 WL 1285807, at *14-16 (D. Minn. Mar. 31, 2014) (Frank, J.); Potocnik v. Carlson, __ F. Supp. 2d __, 2014 WL 1206403, at *3-7 (D. Minn. Mar. 24, 2014) (Schiltz, J.); Bass v. Anoka Cnty., Civ. No. 13-860, 2014 WL 683969, at *2-3 (D. Minn. Feb. 21, 2014) (Doty, J.); Kiminski v. Hunt, Civ. No. 13-185, 2013 WL 6872425, *4-9 (D. Minn. Sept. 20, 2013) (Ericksen, J.). The thrust of these decisions is that the Commissioners can only be liable if they themselves used or disclosed the DVS database for an impermissible purpose; simply making it available to law-enforcement officers fails to state a claim. Plaintiffs contend this case is different from the weight of these decisions. They allege the Commissioners disclosed the DVS database to law-enforcement officers without training, monitoring, or ensuring that officers accessed the database for permissible purposes, and they allege the Commissioners knew that officers were not always

accessing the database for a permissible purpose. However, as before, this is simply not enough to state a plausible claim. The plain language of the DPPA requires disclosure to be for a permissible purpose, § 2724(a), one of which is for law-enforcement functions, § 2721(b)(1). Releasing information to law-enforcement officers "without proper safeguards, training, or monitoring" does not mean the information was released for an impermissible purpose. Mallak, 2014 WL 1285807, at *15. Moreover, "[i]f the person discloses the information for a permissible purpose, the plain language of the provision does not make the person liable for a subsequent misuse by the recipient." Kiminski, 2013 WL 6872425, at *6. "[T]o state a claim based on the act of giving [an officer] database access, the complaint would need to allege that the State Defendants gave him database access *for* purposes of his intended misuse." Kiminski, 2013 WL 6872425, at *8 (emphasis in original).

   Here, Plaintiffs' allegations that the Commissioners failed to train, monitor, or ensure permissible access fail to state a claim that they shared the database for an impermissible purpose. So does their claim that the Commissioners knew that officers accessed the database for impermissible purposes. Plaintiffs do not allege that the Commissioners' purpose in disclosing the database to officers was to enable officers to impermissibly access data. The fact that the Commissioners actually or constructively knew that some officers improperly used the database is not enough to impute onto them the intention that the database be used for an impermissible purpose. See Potocnik, 2014 WL 1206403, at *5 ("The fact that the Commissioners were aware of widespread misuse of the DVS database does not mean that their purpose in creating and maintaining the

5

database was to facilitate that misuse."). Rather, "the only reasonable inference to be drawn is that these Defendants provided law-enforcement officers with access to the DVS database for the purpose of carrying out their jobs, which is permitted under the DPPA." Shambour, 2014 WL 3908334, at *3.

To the extent Plaintiffs claim that the Commissioners had a policy or practice of noncompliance, that claim is better brought by the Attorney General, who may impose penalties on the department. § 2723(b); Mallak, 2014 WL 1285807, at *15. "[T]he structure of the DPPA signals that Congress did not intend the civil action provision to serve as the means to remedy systemic problems." Kiminski, 2013 WL 6872425, at *8. And to the extent Plaintiffs argue the Commissioners have a duty of care regarding the driver's license information, the Court rejects this argument for the reasons stated in Kiminski. Id., at *8.

For all of these reasons, the Court will grant the Commissioners' Motion.[1]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Commissioners' Motion to Dismiss (Doc. No. 29) is **GRANTED** and Plaintiffs' claim against the Commissioners is **DISMISSED WITH PREJUDICE**.

Dated: October 10, 2014                                   s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge

---

[1] In light of the foregoing, the Court need not address Plaintiffs' arguments regarding qualified immunity.